**PENNSYLVANIA POWER & LIGHT COMPANY, Petitioner,**

v.

**PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 6, 1997.

Decided June 4, 1997.

Reargument Denied July 31, 1997.

---

David B. MacGregor, Philadelphia, for petitioner.

Patricia Krise Burket, Assistant Counsel, Harrisburg, for respondent.

John P. Lavelle, Jr., Philadelphia, for intervenor, Frank A. Renner, Jr.

Alan J. Barak, Harrisburg, for intervenors, Dan and Cheryl Kunkle.

Before SMITH and KELLEY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Pennsylvania Power & Light Company (PP & L) petitions for review of an order of the Pennsylvania Public Utility Commission (PUC) which, in part, adopted the initial decision of the administrative law judge (ALJ), denied PP & L's application to construct a 69 kV (69,000 volt) transmission line, and denied PP & L's application to exercise eminent domain powers over two properties in order to complete the requested construction.[1]

A brief summary of the factual background in this matter is as follows. On February 6, 1995, PP & L filed an application with the PUC requesting its approval for the construction of a 69 kV transmission line to be located in Franklin Township, Mahoning Township and Lehighton Borough, Carbon County, Pennsylvania. On February 27, 1995, a protest was filed against PP & L's application by Dan and Cheryl Kunkle. Thereafter, on April 18, 1995, PP & L filed two applications to exercise eminent domain powers to obtain rights-of-way over the properties of Marion and Sandra Walker and Frank A. Renner, Jr. in order to construct the requested transmission line.[2] PP & L's application for the construction of the transmission line and its condemnation applications were consolidated before the ALJ.

1. Twelve parcels of land were within the proposed right-of-way for the project. PP & L successfully obtained rights-of-way from all but two of the affected property owners.

2. 15 Pa.C.S. § 1511 of the Business Corporation Law of 1988 grants public utility corporations the power of eminent domain for certain purposes listed thereunder, and, at subsection (c), as is relevant here, specifies as follows:

Evidentiary hearings were held on November 14 and 15, 1995, following which, the ALJ issued his initial decision denying both PP & L's application to construct the power line, and, in turn, its applications to exercise the power of eminent domain. The ALJ denied PP & L's application based solely upon his conclusion that PP & L failed to demonstrate "need" for the transmission line "from an engineering perspective." The ALJ set forth the following, relevant, conclusions of law:

2. An applicant seeking permission to construct a transmission line must show that the proposed line is necessary from an engineering perspective. *Re West Penn Power Co.*, 54 Pa. PUC 319, 327 (1980). The relative cost of the applicant's proposal and other alternatives is a factor in that determination. *West Penn*, 54 Pa. PUC at 326.

3. PP & L has failed to establish that the proposed line is necessary from an engineering perspective, and has failed to establish, by credible evidence, that the proposed line is less expensive than the alternative answer to Lehighton's need for additional power, namely, reinforcement of the existing 12 kV system.

4. PP & L's Certification Application and remaining Condemnation Applications should be denied.

(ALJ's Initial Decision, p. 21–22).

PP & L filed exceptions to the ALJ's decision, which, as noted, the PUC adopted in part. The PUC concluded, as did the ALJ, that the evidence presented by PP & L for the construction of the proposed transmission line failed to demonstrate "need" from an "engineering" prospective, and that, accordingly, its application should be denied. The PUC entered its order to this effect on

[T]he powers conferred by subsection (a) may be exercised to condemn property ... for the purpose of erecting poles or running wires or other aerial electric ... only after the Pennsylvania Public Utility Commission, upon application ... has found and determined ... that the service to be furnished by the corporation through the exercise of those powers is necessary or proper for the service, accommodation, convenience or safety of the public....

September 9, 1996. It is from this order that PP & L appeals here.

█ PP & L, in its brief to this court, raises only one question for our review,[3] namely:

Whether the Pennsylvania Public Utility Commission failed to properly apply the correct legal standard in reviewing a proposed transmission line construction project, where the Commission refused to consider evidence regarding customer choice and competition and establish an erroneous threshold requirement of "engineering need"?

(Petitioner's Brief, p. 4).

Because we conclude, as asserted by PP & L, that the PUC failed to apply the correct legal standard in reviewing its transmission line application and erroneously required that PP & L demonstrate a "need" for the installation of the transmission line from an "engineering" prospective, we will vacate its order.

Section 1501 of the Public Utility Code (Code), 66 Pa.C.S. § 1501, provides that "[e]very public utility shall ... make all such repairs, changes, alterations, substitutions, extensions, and improvements in or to such service facilities *as shall be necessary or proper for the accommodation, convenience, and safety of its patrons, employees, and the public.*" (Emphasis added). The PUC's regulations, at 52 Pa.Code § 57.76(a), provide as follows:

(a) The Commission will issue its order, with its opinion, if any, either granting or denying the application, in whole or in part, as filed or upon the terms, conditions or modifications, of the location, construction, operation or maintenance of the line as the Commission may deem appropriate. The Commission will not grant the application, either as proposed or as modified, unless it finds and determines as to the proposed HV line:

(1) That there is a need for it.

(2) That it will not create an unreasonable risk of danger to the health and safety of the public.

(3) That it is in compliance with applicable statutes and regulations providing for the protection of the natural resources of this Commonwealth.

(4) That it will have minimum adverse environmental impact, *considering the electric power needs of the public, the state of available technology and the available alternatives.*

(Emphasis added). Similarly, as noted in footnote 1, setting forth Section 15 Pa.C.S. § 1511(c) of the Business Corporation Law of 1988, the PUC, upon application, must determine if a requested exercise of the powers of eminent domain by a public utility corporation *is necessary or proper for the service, accommodation, convenience or safety of the public.*

Nowhere in any of the foregoing statutory or regulatory provisions, nor in any other regulations promulgated under the Code, is there a requirement that the *necessity* which must be shown by a public utility corporation, such as PP & L, seeking to construct a transmission line, is that of necessity from an engineering prospective as concluded by the PUC.

While we are aware of the fact that the ALJ, and the PUC, in turn, cite the PUC's decision in the case of *Re West Penn Power Company,* 54 Pa. PUC 319 (1980), as support for its decision regarding "engineering need," in *West Penn,* the PUC merely stated what it states here, i.e., that "the applicant must show the proposed line is necessary from an engineering prospective." *West Penn,* 54 Pa. PUC at 327. The PUC goes on, in *West Penn,* to state that "if this is not done, we are under no duty to issue a certificate." *Id.* The PUC, however, in *West Penn,* and here, fails to cite any statutory or regulatory authority for its conclusion in this regard.

Accordingly, we vacate the PUC's order and remand the matter for a determination consistent with the statutory standards speci-

---

**3.** We note that we may not disturb an order of the PUC unless we determine that constitutional rights were violated, an error of law was committed or necessary findings of fact were not supported by substantial evidence. *Teltron, Inc. v. Pennsylvania Public Utility Commission,* 83 Pa.Cmwlth. 407, 477 A.2d 599 (1984).

fied in the Code and the regulations promulgated thereunder.

### ORDER

AND NOW, this 4th day of June, 1997, the order of the Pennsylvania Public Utility Commission dated September 9, 1996 is vacated and the matter is remanded for a determination consistent with this opinion.

Jurisdiction relinquished.

LEADBETTER, J., did not participate in the decision in this case.